**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL BLACKNALL, | : | |
| | : | Civil Action No. 08-2614 (FLW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WILLIAM FRASER, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner pro se
Michael Blacknall
Midstate Correctional Facility
P.O. Box 866
Wrightstown, NJ 08562

Counsel for Respondents
Mary R. Juliano
Monmouth Co. Prosecutor's Ofc.
Monmouth Co. Court House
71 Monument Park
Freehold, NJ 07728-1261

**WOLFSON**, District Judge

Petitioner Michael Blacknall, a prisoner currently confined at Midstate Correctional Facility in Wrightstown, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are warden William Fraser and the Attorney General of the State of New Jersey.

For the reasons stated herein, the Petition must be dismissed for lack of jurisdiction.

I.   BACKGROUND

Tried by a jury, defendant was convicted in the Superior Court of New Jersey, Monmouth County, Trial Division, of third-degree aggravated assault on a corrections officer, N.J.S.A. 2C:12-1b(5)(a), (Count One), and of third-degree resisting arrest, N.J.S.A. 2C:29-2a, (Count Two).  On March 23, 2001, the court sentenced Petitioner, on Count One, to a five-year custodial term with a two-year period of parole ineligibility, and, on Count Two, to a concurrent five-year custodial term with a two-year period of parole ineligibility (the "2001 conviction").

The Superior Court of New Jersey, Appellate Division, affirmed Petitioner's 2001 conviction on November 14, 2002.  The Supreme Court of New Jersey denied certification on February 13, 2003.  State v. Blacknall, 816 A.2d 1049 (N.J. 2003).

On September 5, 2003, Petitioner filed a motion for new trial in the trial court.  The trial court denied that application on November 14, 2003.  On December 17, 2003, Petitioner filed in the trial court a motion for post-conviction relief.  The trial court denied that motion on January 14, 2005.  Petitioner's appeals from both these decisions were consolidated and on October 30, 2006, the Appellate Division affirmed both orders.  State v. Blacknall, 2006 WL 3053424, (N.J.Super.App.Div.

Oct. 30, 2006). The Supreme Court of New Jersey denied certification on June 1, 2007. State v. Blacknall, 926 A.2d 853 (N.J. 2007).

Meanwhile, on September 4, 2006, Petitioner's sentence fully expired and he was released from custody on the challenged conviction. Petitioner is presently confined pursuant to two subsequent convictions in 2008. Petitioner's 2001 conviction was used to enhance Petitioner's sentence, as a persistent or repeat violent offender, on one of the 2008 convictions.

On or about May 22, 2008, Petitioner submitted this Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the 2001 conviction on grounds of ineffective assistance of counsel and denial of a fair trial. Respondents have moved to dismiss the Petition for lack of jurisdiction, because Petitioner was no longer in custody on the challenged conviction at the time he filed the Petition. Briefing is concluded and this matter is now ready for decision.

## II.  ANALYSIS

Pursuant to 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of <u>a person in custody pursuant to the judgment of a State court</u> only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (Emphasis added.) A federal court has no jurisdiction to

entertain a habeas petition unless the petitioner meets this "in custody" requirement.  Indeed, as the Court of Appeals for the Third Circuit has put it, "custody is the passport to federal habeas corpus jurisdiction."  United States ex rel. Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557, 560 (3d Cir. 1971), cert. denied, 409 U.S. 853 (1972).

The Supreme Court's most recent extensive discussion of the "in custody" requirement is set forth in Maleng v. Cook, 490 U.S. 488 (1989).  In that case, the habeas petitioner (hereafter referred to as "petitioner" although he appeared in the posture of respondent before the Supreme Court) sought to attack a 1958 conviction for robbery imposed by a Washington state court.  In 1985, while confined in federal prison on an apparently unrelated federal conviction, the petitioner filed his habeas challenge to the 1958 Washington conviction, arguing that he had not been given a competency hearing in that case.  Although the petitioner's 1958 conviction had fully expired by 1978, he alleged that it had been used to enhance sentences imposed in 1978 for subsequent Washington convictions.  Due to his federal sentence, petitioner had not yet begun to serve his 1978 Washington sentences at the time he filed his habeas petition in 1985.  Maleng v. Cook, 490 U.S. at 489-90.

The Court noted that the relevant language of 28 U.S.C. § 2254(a) generally requires "that the habeas petitioner be 'in

4

custody' under the conviction or sentence under attack at the time his petition is filed," citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968).  Further, the Court explained that "custody" is defined not only as physical confinement, but would include circumstances entailing such limitations on a person's liberty as those imposed during parole.  Maleng, 490 U.S. at 491; see also Hensley v. Municipal Court, 411 U.S. 345 (1973) (habeas petitioner released on own recognizance, but who suffered restraints on freedom of movement not shared by public generally, met "in custody" requirement).  Nonetheless, the Court noted that it has "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." Maleng, 490 U.S. at 491.

    Here, Petitioner was released from custody on the challenged 2001 conviction on September 4, 2006, more than twenty months before the date on his habeas petition, May 22, 2008.  Just as in Maleng, the fact that the expired sentence may have been used to enhance a later sentence does not render Petitioner retroactively "in custody" under the expired sentence.  This Court lacks jurisdiction to hear this Petition.

    Petitioner acknowledges that he was not "in custody" under the 2001 conviction at the time he filed this Petition.  Nevertheless, he argues that this deficiency should be excused

because he was exhausting his state remedies during the intervention period. This argument is unavailing. There is no excusing the lack of jurisdiction. This Petition must be dismissed.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Jurists of reason would not find this Court's procedural determination debatable.  No certificate of appealability shall issue.

## V.   CONCLUSION

For the reasons set forth above, the Petition must be dismissed for lack of jurisdiction.  An appropriate order follows.

```
                                        s/Freda L. Wolfson
                                       Freda L. Wolfson
                                       United States District Judge
```

Dated: 12/9/09